UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL CURTIS PATTERSON,     ) | |
|                                  ) | |
|     Petitioner,                       ) | |
|                                  ) | |
| v.                                     ) | Case No. CIV-20-120-G |
|                                  ) | |
| JOHN MASQUELIER,         ) | |
| Facility Director,              ) | |
|                                  ) | |
|     Respondent.              ) | |

### ORDER

Petitioner Daniel Curtis Patterson, appearing through counsel, initiated this action by filing a Petition for Writ of Habeas Corpus seeking relief pursuant to 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1); Order (Doc. No. 6) at 1 n.2. The Petition challenges Petitioner's 2017 Oklahoma state-court criminal conviction in *State v. Patterson*, No. CF-2016-528 (Kay Cnty. Dist. Ct.).

The pleadings reflect that Petitioner was "in custody" as required under 28 U.S.C. § 2254(a) when the Petition was initially filed. 28 U.S.C. § 2254(a); Pet. at 1; Resp't's Answer (Doc. No. 10) at 1 n.1. As of December 1, 2022, however, the case record indicated that Petitioner's habeas action has been rendered moot due to Petitioner no longer being "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); Order to Show Cause of Dec. 1, 2022 (Doc. No. 17) at 1-2. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998). "Mootness is a threshold issue because the

existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

Accordingly, the Court issued an Order to Show Cause, directing Petitioner to show cause in writing no later than December 11, 2022, why this habeas action should not be dismissed as moot. *See* Order to Show Cause of Dec. 1, 2022, at 1. As of this date, Petitioner has not responded to the Court's Order or requested additional time to do so.

## CONCLUSION

IT IS THEREFORE ORDERED that this action is DISMISSED AS MOOT. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack*, 529 U.S. at 484.

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 14th day of December, 2022.

_____
CHARLES B. GOODWIN
United States District Judge